Mackay *v.* The People.

SUPREME COURT. Erie General Term, January, 1854. *Marvin, Bowen* and *Green* Justices.

MACKAY pl'ff in error *vs.* THE PEOPLE def'ts in error.

The power to punish by imprisonment in a state prison, upon a conviction for an attempt to commit a crime, is not limited to those cases where the imprisonment in a state prison, if the crime attempted had been consummated, *must* be for four years or more; but in all cases where the crime attempted *may* be punished four years or more in a state prison, the court may sentence the convict to imprisonment in a state prison for a time not exceeding one half of the longest time of imprisonment prescribed for a conviction of the offence attempted.

Where, by the statute, the imprisonment in the state prison for a commission of the crime attempted must be for a term less than four years, the person convicted of the attempt can only be sentenced to imprisonment in a county jail for not more than one year.

Grand larceny being punishable for a term of not more than five and not less than two years, a person convicted of an attempt to commit grand larceny may be sentenced to imprisonment in the state prison for two years and six months.

Error to the Erie sessions. The plaintiff in error was convicted of an *attempt* to commit grand larceny. The court of

sessions sentenced him to confinement in the state prison at Auburn, for the term of two years and six months. The writ of error was prosecuted to reverse the sentence.

*B. H. Austin,* for the plaintiff in error, cited 2 *R. S.* 679, § 63; *ib.* 700, § 12; *ib.* 698, § 3; *subd.* 2, 3.

*A. Sawin,* (Dis't Att'y) for defendants.

*By the Court,* MARVIN, P. J.—The counsel for Mackay insisted that the court of sessions had no authority to sentence him to imprisonment in the state prison, but that he should have been sentenced to imprisonment in the "county jail for not more than one year." He argues that there can be no imprisonment in the state prison upon a conviction for an attempt to commit any crime, unless the punishment for the crime attempted must necessarily be imprisonment in a state prison for *four years or more.* The punishment for grand larceny, is imprisonment in a state prison for a term *not exceeding* five years. (2 *R. S.* 679, § 63.)

The imprisonment upon a conviction for grand larceny may be for any term less than five years and not less than two years. 2 *R. S.* 698, § 3, provides for the punishment for an attempt to commit an offence prohibited by law. By the second subdivision of the section, it is provided that, "If the offence so attempted be punishable by imprisonment in a state prison, *for four years or more,* or by imprisonment in a county jail, the person convicted of such attempt, shall be punished by imprisonment in a state prison or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction for the offence so attempted."

The third subdivision provides, "If the offence so attempted be punishable by imprisonment in a state prison for any time less than four years, the person convicted of such attempt shall be sentenced to imprisonment in a county jail for not more than one year." It is also provided in the same act, (p

Mackay *v*. The People.

700, § 12,) that no person shall in any case be sentenced to imprisonment in a state prison for any term less than two years. In view of these provisions, I think the power to punish by imprisonment in a state prison, upon a conviction for an attempt to commit a crime, is not limited to those cases where the imprisonment in a state prison, if the crime attempted has been committed, *must*, by the statute, *be four years or more*. On the contrary, I think, in all cases, where the crime attempted may be punished four years or more in a state prison, the court may sentence the convict to imprisonment in a state prison " for any time not exceeding one half the *longest time* of imprisonment prescribed upon a conviction for the offence so attempted," of course not less than two years. In those cases where by the statute the imprisonment in state prison for the crime attempted, must be for a term less than four years, the person convicted of the attempt can only be sentenced to imprisonment in a county jail for not more than one year. The crime of grand larceny is *punishable* by imprisonment in state prison for a term of five years. It can not exceed five years, and it may be for any time between two and five years, in the discretion of the court. It is true it is not necessarily punishable four years or more, and it is also true that it is punishable by imprisonment in a state prison for a term less than four years, though it may exceed that. The intentions of the legislature in subdivisions second and third are not very clearly expressed. Effect must be given to the latter clause of subdivision two, " for a term not exceeding one half the *longest term* of imprisonment prescribed upon a conviction for the offence so attempted." In a conviction for grand larceny, the longest term of imprisonment is five years, and unless this subdivision, is to be construed as limiting the power of the court to imprison in state prison, to cases where the punishment for the crime attempted *must be* for four years or more, then the court, in the present case, has not exceeded its authority. The sentence was for two years and six months, half of the longest term of imprisonment prescribed for the crime of grand larceny. The view I have taken of these provisions of the statute is strength-

ened by considering the general system of our criminal code as declared in the statute. There are many crimes, the punishment for which, by imprisonment in state prison, is left entirely discretionary with the court, not exceeding a specified term, and of course not less than two years; thus, for inveigling or kidnapping, the punishment is to be by imprisonment in a state prison not exceeding ten years; accessories are to be punished by imprisonment in state prison not exceeding six years, or in a county jail, &c.; so for selling, &c., a person of color kidnapped, &c., the imprisonment is not to exceed *ten years;* it may be in a county jail, &c. So, for decoying children. For abandoning children, the imprisonment is not to exceed seven years. Arson, in the fourth degree, may be punished by imprisonment in the state prison for a term not more than seven years and not less than two, or the imprisonment may be in a county jail, not exceeding one year. Persons falsely personating another and doing certain acts, upon conviction, are to be punished by imprisonment in a state prison for a term not exceeding ten years. By looking through the statute, many other cases will be found where the punishment is to be by imprisonment not exceeding ten years, and some not exceeding seven years, &c., leaving the term of imprisonment between the time specified and two years entirely discretionary with the court. In all these cases the punishment *may be* by imprisonment in a state prison for a term less than four years, and there is nothing requiring that the time of imprisonment should be four years or more; and if the construction of subdivisions 2 and 3, of section 3, (2 *R. S.* 698,) for which the counsel for the plaintiff in error contends, is correct, viz.: that no person can be sentenced to a state prison, except in a case where, had he been convicted of the crime attempted, he must have been sentenced for four years or more; then, in all the cases above referred to and other cases, where the time of imprisonment is not to exceed ten years or seven years, or other period above four years, and may be less than four years, there can be no imprisonment in a state prison upon a conviction for an attempt to commit the crime. The person

Mackay *v.* The People.

convicted of an attempt to commit these high crimes can only be punished by imprisonment in a county jail one year. In my opinion such is not the true construction of the statute.

It has been noticed that no person can be sentenced to a state prison for a term less than two years, and imprisonment in a county jail is limited generally to one year. By consulting the revisers' notes, it will be seen that they reported, that, " If the offence so attempted be punishable by imprisonment in a state prison or a county jail, the person convicted of such attempt shall be punished by imprisonment in a state prison or in a county jail, for a term not exceeding the *one half of the longest term* for which he might have been sentenced to such imprisonment, if he had been convicted of the offence so attempted." There are cases where the punishment may be by imprisonment in state prison for a term not exceeding *three* years and so also not exceeding *two* years. As the system prohibited sentencing any person to imprisonment in state prison, for a term less than two years, the provision, as reported, left it in doubt what sentence should be given in cases where the imprisonment in state prison was to be for a term *less* than *four years,* as the imprisonment upon a conviction for the attempt was not to *exceed the one half* of the longest time for which the convicted person might have been sentenced if he had been convicted of the offence attempted. The legislature, I think, attempted to obviate the difficulty and substituted subdivisions 2 and 3, in § 3, as we now find them. Hence the language " punishable by imprisonment in a state prison for *four years or more* " and retaining the language in the original, as proposed by the revisers, authorizing the imprisonment " for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction for the offence so attempted." In these cases, when the imprisonment was to be *less* than four years, a sentence for half the time would be a sentence for less than two years, which by another provision of the same statute, was prohibited. Hence the provision in the 3d subdivision, requiring in such cases imprisonment in a county jail.

I think the sentence of the Court of Sessions was authorized by the statute and that the judgment should be affirmed.

                                        Judgment affirmed

---

SUPREME COURT.   Monroe General Term, March, 1854.  *Welles, Selden* and *Johnson,* Justices.